7100

STATE *EX REL.* LYON, ATTORNEY-GENERAL, v. UNION SOCIAL CLUB.

NUISANCE—INJUNCTION.—That the owner of a building in which an alleged nuisance is maintained by others has not participated in maintaining the nuisance or has not knowingly allowed it to be so used, does not make out a *prima facie* showing that the owner was permitting his property to be so used.

Petition in the original jurisdiction of this Court by Attorney-General J. Fraser Lyon for injunction against Union Social Club, S. L. Sweeney *et al.*

*Attorney-General J. Fraser Lyon,* for the State.

*Mr. G. Duncan Bellinger,* for S. L. Sweeney.

February 2, 1909. PER CURIAM. The petition herein avers on information and belief that the respondent, S. L. Sweeney, permits the premises therein described to be used, kept and maintained by the respondents, the Union Social Club, R. C. Boswell and O. Manor, as a place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages, and where alcoholic liquors

and beverages which have not been tested and found to be pure and free from poisonous and deleterious matters are sold in violation of the law of this State.

It was conceded at the argument that this allegation as to S. L. Sweeney was based upon the affidavit attached to the petition made by G. C. McSwain. An examination of that affidavit, however, discloses that it alleges nothing against the respondent, S. L. Sweeney, except that he was owner of the building in which the alleged nuisance was kept, and does not show that he participated in its maintenance or knowingly allowed his building to be used as a resort where liquor was sold. There is, therefore, no *prima facie* showing that the respondent was permitting his property to be used for the maintenance of a public nuisance. In addition to this, the respondent, S. L. Sweeney, makes return in which he avers under oath that as soon as he had reason to apprehend that his property was being used as a public nuisance, he took prompt and effectual steps to have the illegal use discontinued, and cancelled the rent contract with the other respondents in this proceeding.

In response to an inquiry by the Court, the Attorney-General said he had nothing further to submit to make out *prima facie* the charge against the respondent of permitting his property to be used for the maintenance of a nuisance.

The Court is of the opinion that a *prima facie* showing has not been made out against the respondent, S. L. Sweeney, and that the Court would not be warranted in granting the motion made by the Attorney-General for a reference.

It is, therefore, ordered that the proceedings be dismissed as to the respondent, S. L. Sweeney.